FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 2 - 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

    -against-

NATANZIA ST. ROSE,

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MEMORANDUM
AND ORDER

11-CR-349 (SJ)

A P P E A R A N C E S

LORETTA LYNCH
UNITED STATES ATTORNEY'S OFFICE
EASTERN DISTRICT OF NEW YORK
271 Cadman Plaza East
Brooklyn, NY 11201
By: Brendan G. King
Attorney for Government

LAW OFFICE OF BRANDON LEWIS
3525 Piedmont Road
Building 7
Suite 300
Atlanta, GA 30305 By: Brandon Lewis
Attorney for Defendant

JOHNSON, Senior District Judge:

The government has submitted a motion in limine to preclude the Defendant from: (1) making arguments that might encourage jury nullification; and (2) disclosing the existence of a forfeiture allegation in this case. The government has also submitted a motion in limine pursuant to Federal Rule of Evidence 404(b) to introduce evidence relating to defendant Natanzia St. Rose's ("the Defendant") involvement in other "crimes, wrongs or acts" at trial, set to commence on April 2, 2012. Defense counsel has not indicated any objection to either of the motions.

For the reasons set forth below, the government's 404(b) motion is DENIED without prejudice. With respect to the motion to prevent jury nullification, the Court will instruct the jurors of their duty to apply the law as instructed by the court. See United States v. Thomas, 116 F.3d 606 (2d Cir. 1997). The Court also precludes mention by the Defendant of her personal status, unless evidence thereof is properly admitted into evidence at trial. The Court GRANTS the government's motion to preclude the Defendant from disclosing the existence of a forfeiture allegation prior to verdict.

## I. BACKGROUND

The Defendant is charged with one count of causing a financial institution to fail to file a currency transaction report, in violation of 31 U.S.C. § 5324(a)(1). In October 2010, the Defendant was employed as an Assistant Branch Manager at JPMorgan Chase Bank ("Chase"), and was assigned to work at Chase's East Hills

2

Branch in East Hills, New York. On October 27, 2010, the Defendant was on leave from Chase and was not scheduled to work.

The government alleges that on October 27, 2010, the Defendant approached the Branch Manager at Chase's East Hills branch and advised the Manager that a representative of Bank of America ("BOA") had approached the Defendant in the branch's parking lot and ask if Chase would exchange $20 bills for $100 bills as a courtesy to BOA because BOA was low on $100 bills. Upon approval from the Manager, the Defendant allegedly proceeded to Chase's vault and exchanged $30,000 in $20 bills for $30,000 in $100 bills with Chase personnel. Based on the Defendant's representation that the currency exchange was with BOA, no Currency Transaction Report ("CTR") would have been required to be filed with Chase. However, BOA had not requested any currency exchange with Chase on October 27, 2010.

## II. DISCUSSION

A. <u>The Court Will Instruct the Jury to Render a True Verdict According to the Law</u>

As the Defendant is not an American citizen, a conviction in this case may have consequences with respect to her immigration status. The Defendant is also the mother of a dependent child. However, these factors do not bear on the Defendant's innocence or guilt. Accordingly, the Defendant shall not argue that she should be acquitted out of sympathy for her, her family, or her immigration status. <u>See generally</u>

3

United States v. Battaglia, 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (granting a motion in limine to preclude evidence of the defendant's personal status).

The Court takes seriously its duty to prevent the parties from encouraging jury nullification. Accordingly, the Court will remind jurors of their duty to "apply the law as instructed by the Court...to 'render a true verdict according to the law and the evidence.'" Thomas, 116 F.3d at 614 (quoting FEDERAL JUDICIAL CENTER, BENCHBOOK FOR U.S. DISTRICT COURT JUDGES 225 (4th ed. 1996)).

### B. The Defendant is Precluded from Disclosing the Existence of a Forfeiture Allegation to the Jury Prior to Verdict

This Court will instruct the jury not to consider the consequences of a verdict, as they have no bearing on a defendant's actual guilt or innocence as to the charges against him or her. See United States v. Blume, 967 F.2d 45, 49 (2d Cir. 1992) (citing Rogers v. United States, 422 U.S. 35, 40 (1975). The jury has "no sentencing function." Rogers, 422 U.S. at 40. Criminal forfeiture is part of the sentence. See Libretti v. United States, 516 U.S. 29 (1985); United States v. Ferrario-Pozzi, 368 F.3d 5, 8 (1st Cir. 2004). Therefore, as the jury must not consider the consequences of its verdict, the Defendant shall make no mention as to the existence of a forfeiture allegation prior to verdict.

4

P-049

### C. The Government's 404(b) Application is Denied Without Prejudice

Evidence of other crimes, wrongs or acts is admissible under Rule 404(b) if it is relevant to the issues of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, and if, under Rule 403, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 404(b); see also Huddleston v. United States, 485 U.S. 681 (1988); United States v. Ortiz, 857 F.2d 900, 903 (2d Cir. 1988). In the Second Circuit, evidence of other bad acts is admissible insofar as it is not offered to prove propensity, and its probative value is not outweighed by its prejudicial impact. See United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984); see also United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986).

The government has the burden of proving beyond a reasonable doubt that the Defendant committed the acts of which she has been accused in this case. The government must prove that Defendant was aware of the currency reporting requirements of the Bank Secrecy Act and willfully caused Chase to fail a report required under 31 U.S.C. § 5313(a). If the government can prove the facts of the case, it will also be able to demonstrate the Defendant's knowledge of the filing requirements by her alleged representation that the transaction was a bank-to-bank transaction. Therefore, at the present time, the government has not shown that introducing evidence of other crimes is necessary for it to meet its burden of proof.

P-049

## III. CONCLUSION

The Court DENIES the government's motion to introduce evidence of other bad acts or crimes at trial without prejudice. The Court will hereby instruct the jury as to its duty to render a verdict in the instant case according to the law and the facts of the case. The Court precludes the Defendant from seeking to encourage jury nullification by making mention of her personal and family status. Additionally, the Court GRANTS the government's motion to preclude the Defendant from disclosing the existence of a criminal forfeiture allegation to the jury prior to the verdict.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2012

/s/(SJ)
_____
U.S.D.J.

6